MARTHA PURCELL AND ALEX PURCELL, RESPONDENTS, v. ROBERT G. POLLOCK, APPELLANT.

Submitted May 29, 1928—Decided October 15, 1928.

For the appellant, *Heine, Bradner & Laird.*

For the respondents, *Ward & McGinnis.*

The opinion of the court was delivered by

McGLENNON, J. This is an appeal by the defendant below from a judgment entered upon a verdict of the jury, in an action instituted in the Supreme Court, and tried at the Passaic Circuit. The plaintiff, Martha Purcell, obtained a verdict against the defendant for $1,500, and the plaintiff, Alex Purcell, obtained a verdict for $448.50.

The suit was brought to recover damages for injuries received by Martha Purcell, a passenger in a Ford sedan driven by the plaintiff husband, Alex Purcell, as a result of a collision between this car and a Buick coupe driven by the defendant, Robert G. Pollock. The plaintiff husband, Alex Purcell, sued to recover compensation for moneys expended by him, in endeavoring to cure his wife of her injuries, and for other losses consequent to her injury and disability.

The relevant facts are the following: Alex Purcell and his wife, Martha Purcell, with their crippled grandson, were returning in a Ford sedan, on the morning of October 5th, 1926, from a visit to the office of Dr. Keppler, in Newark, where the grandson had received treatment for his leg. The collision occurred at the intersection of Watchung avenue and Broad street, Bloomfield. Plaintiffs testified that their car slowed down for the crossing, and the driver looked down Watchung avenue, where he could see for a distance of some one hundred and ninety-five feet, as he approached northerly along Broad street, and saw nothing of defendant's Buick car; that he started to cross the street, going about twelve miles an hour, and in about three seconds after proceeding about sixty-five feet, and reaching a point some six feet beyond the traffic beacon, something like a cloud came rushing up and crashed into the Ford, and just swished it around and there was a second crash and the car came to a stop facing east; that the crash was terriffic and the door of the Ford

flew open, and the grandson was thrown out upon the ground; that a rear wheel and runboard were damaged and glass was broken, which caused several cuts upon the hands or fingers of plaintiff Martha Purcell, and that both plaintiffs were badly jolted and bruised; that curving skid marks were visible upon the pavement, where the Ford car had been pushed around. Neither plaintiff saw the approach of the Buick car, and could not tell the speed at which it approached prior to the accident. A policeman testified he heard the crash and turned and saw the two cars in the middle of the intersection, both in motion, with the front of the Buick pointed west and in contact with the rear end of the Ford, and the Buick pushed it around until it faced east. The officer also saw the door of the Ford fly open and the boy fall out.

The defendant's proofs as to what occurred prior to the collision differ materially and tend to show that the Buick slowed down within some twenty feet of its approach to Broad street, and at that time the Ford was about one hundred and twenty-five feet down Broad street, and its speed could not be judged, but that as the Buick entered the intersection, the Ford came on very fast, was swerving to both sides; that he jammed on the brakes of the Buick and tried to avoid a collision, but that the Ford car struck the Buick and damaged the front springs, right fender; put the steering gear out of commission, and dragged the Buick two or three feet with it; that the Ford was going about forty-five miles an hour, and the Buick about twelve miles an hour.

After plaintiffs' counsel had rested his case, defendant's counsel moved for a nonsuit on the following grounds: First, that the plaintiffs failed to prove any negligence on the part of the defendant. Secondly, that the plaintiffs were guilty of contributory negligence. This motion was denied, as well as a later motion presenting the same grounds in asking for a direction of a verdict for the defendant.

The trial court in submitting the case to the jury charged them that there was a question of fact involved. The case then went to the jury for their deliberation, and no exception

was taken to the charge. The jury then returned a verdict as above stated.

The grounds advanced for reversal are identical to those mentioned in the motion for nonsuit and direction of a verdict.

Our reading of the evidence demonstrates that the situation was one which was eminently proper to be passed upon by a jury.

Defendant urges that plaintiffs did not prove any negligent acts or conduct of defendant because they could tell nothing as to what occurred just preceding the collision. This, however, ignores the legitimate inferences to be drawn from plaintiffs' proofs, if believed by the jury, of the sudden rush of the Buick car and almost immediate crash, and the results of the collision to the respective cars, as well as the positions in which they were found, when they came to a stop. It is plain that the speed and momentum of one or both of these cars caused the accident, and it was clearly within the province of the jury to decide upon the truth of the facts, under this conflict of testimony, and to draw proper inferences therefrom.

Defendant further contends that the court should hold as a matter of law that a man who is approaching a street intersection down which he can see one hundred and ninety feet and sees nothing coming, and then goes sixty-five feet without making an observation, and is hit by a motor vehicle which he has not observed at all, is guilty of contributory negligence. We have, however, heretofore held that the mere failure to observe an automobile approaching an intersection, but at a considerable distance away therefrom, does not render one who starts to cross the intersection in such a situation guilty of contributory negligence. *Thomas* v. *Metzendorf,* 101 *N. J. L.* 346.

And generally, in the absence of clear negligence on his part, and particularly when the evidence itself is conflicting, the question of contributory negligence of a plaintiff is for the jury to decide. *Hyman* v. *Atlantic City and Shore Railroad Co.,* 101 *N. J. L.* 124.

The judgment below is affirmed, with costs.

*For affirmance*—THE CHIEF JUSTICE, TRENCHARD, PARKER, MINTURN, KALISCH, BLACK, KATZENBACH, CAMPBELL, LLOYD, WHITE, VAN BUSKIRK, MCGLENNON, KAYS, HETFIELD, DEAR, JJ. 15.

*For reversal*—None.